IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

ANDRA "ANA" CHERI MORELAND, and ) 
IESHA MARIE CRESPO, )
                                          )
              Plaintiffs, )
                                          )
    v. )       Case No.  1:22-cv-03795-RJL
                                          )
1010 V, LLC d/b/a THE LIVING ROOM, et ) 
al. )
                                          )
             Defendants. )
                                          )

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs Andra "Ana" Cheri Moreland, and Iesha Marie Crespo (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for a default judgment in favor of Plaintiffs and against defendant 1010 V, LLC d/b/a The Living Room ("1010 V" or "Defendant"), and in support of said motion, state as follows:

## STATEMENT OF UNDISPUTED FACTS

*Substantive Allegations*

As set forth in Plaintiffs' Complaint ("Compl.;" Dkt. 1), Plaintiffs are well-known professional models who earn their livelihood licensing their identity, image, and likeness (collectively "Images") to select clients, commercial brands, and media and entertainment outlets. Compl., ¶ 12. Each Plaintiff relies on her professional reputation for modeling, acting, hosting and other professional opportunities, has worked to establish herself as reliable, reputable and professional, and it is each Plaintiff's reputation and status in the modeling industry, and the attendant notoriety each has achieved, that allows and ensures that each Plaintiff will continue to book jobs. *Id.* at ¶ 13.  In furtherance of her career, each Plaintiff seeks to control the use and

- 1 -

dissemination of her image, is consulted on and participates in the negotiation, vetting and selection of modeling, acting, brand spokesperson or hosting engagements, and each has been vigilant in building and protection her brand from harm, taint, or other diminution. *Id*., ¶ 13.

During the relevant time period, 1010 V, LLC owned The Living Room ("Living Room" or the "Club"), a night club in Washington, D.C., where it engaged in the business of selling alcohol and food in a sexually charged environment. *Id*. at ¶ 25.  In furtherance of their promotion of Living Room, 1010 V, LLC owned, operated and controlled the Living Room's social media accounts, including the Living Room's Facebook, Twitter, and Instagram accounts, and used such social media to post advertisements for Living Room. *Id*. at ¶¶ 26, 27. Many of these advertisements contained Images of Plaintiffs, which had been misappropriated, and intentionally altered by Defendant to make it appear that Plaintiffs worked at or endorsed the Living Room.  *Id*. at ¶¶ 14, 20, 23, 29, 30, 37, 59, 94, 95, 97, 112. In the case of each Plaintiff, such appearance was false, and occurred without any Plaintiff's knowledge, consent, or authorization, and without remuneration to any Plaintiff. *Id*. at ¶¶ 15, 16, 17, 21, 24, 29, 30, 32, 26, 37, 39, 44, 48, 53, 61, 62, 67, 77, 91, 97, 112.

### *Procedural History*

Plaintiffs filed this action on December 22, 2022, Dkt. 1, and on January 9, 2023, 1010 V, LLC was served with the Summons and Complaint. Dkt. 6. Having been served on January 9, 2023, Defendant's deadline to answer, respond, or otherwise move against the complaint was January 30, 2023.  Defendant has not answered or moved against the Complaint. On April 25, 2024, Plaintiffs filed their Request for Entry of Default, Dkt. 8, which the Clerk of the Court entered on April 26, 2024, Dkt. 9.

///

## ARGUMENT

**I.    DEFENDANT'S WILLFUL NON-APPEARANCE SUPPORTS A FINDING OF LIABLITY ON EACH CAUSE OF ACTION.**

A district court has the power to enter a default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," Fed.R. Civ. P. 55(a), and upon request of the plaintiff, Rule 55(b)(2) authorizes the court to enter a default judgment against the defendant for the amount claimed and costs. *Id.* 55(b)(2). In this Circuit, a default judgment is generally available to a plaintiff "when the adversary process has been halted because of an essentially unresponsive party ... [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 836 (D. C. Cir. 1980) (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir. 1970).

Here, Plaintiffs have diligently pursued claims stemming from Defendant's repeated misappropriation of Plaintiffs' intellectual property for commercial use. There is no question Plaintiffs images were in fact used and even if Defendant had appeared there is no colorable dispute this use occurred without any Plaintiff's consent. Indeed, Defendant's failure to appear and defend against Plaintiffs' claims when they are obviously on notice of them, *see* Dkt. 6, should constitute an admission they did not have the consent required to use Plaintiffs' images in advertising, as Plaintiffs have alleged. Considering this, the Court should enter an Order granting Plaintiffs' motion for default judgment against Defendant as to each cause of action in the Complaint.

- 3 -

II.     **PLAINTIFFS ARE ENTITLED TO DAMAGES, COSTS, FEES AND INJUNCTIVE RELIEF RELATING TO DEFENDANT'S MISAPPROPRIATIONS.**

Though default establishes the defaulting party's liability for the well-pleaded allegations of the complaint, *see Adkins v. Teseo*, 180 F. Supp.2d 15, 17 (D.D.C. 2001), it does not establish liability for the amount of damage that the plaintiff claims. *See Shepherd v. Am. Broad Cos., Inc.*, 862 F.Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds,* 62 F.3d 1469 (D.D.C. 1995).  It has long been held the "standard for measuring lost profits in a right of publicity case is the fair market value of the right to use plaintiff's name or likeness in the manner in which it was used by defendant." *Clark v. America Online, Inc.,* No. 98-cv-5650 (CAS)(CWX), 2000 WL 33535712, at *8 (C.D. Cal. Nov. 30, 2000) (citing cases). This position has been repeatedly endorsed by federal courts around the country. *See, e.g., Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 256 (2d Cir. 2021) ("But it is conceded that Appellees did not secure legal rights to the images, and so damages would not constitute a windfall: Appellants have not yet been compensated for the Club's use of their images. We thus conclude that recovery of the fair market value of the images is a viable damages theory in this case.") (emphasis in original); *Grant v. Esquire, Inc.*, 367 F.Supp. 876, 881 (S.D.N.Y. 1973) (noting that in a right of publicity case, in the event the jury finds in plaintiff's favor, "he will be able to recover the fair market value of the use for the purposes of trade of his face, name and reputation."); Restatement (Third) of Unfair Competition ("Restatement") § 49 (1) (1995) (measurement of damages for right of publicity misappropriation is "the pecuniary loss to the other caused by the appropriation or for the actor's own pecuniary gain resulting from the appropriation, whichever is greater."); 2 J. Thomas McCarthy, *The Rights of Publicity and Privacy* § 11:32 (2d ed. 2008) ("plaintiff is

entitled to the market value of the use of plaintiff's identity or persona in the commercial setting in which defendant had used it.").

Submitted as **Exhibit A** is the Declaration of Plaintiffs' valuation expert, Stephen Chamberlin, who was engaged to evaluate and value retroactively the compensation each Plaintiff should have received for the use of her images by Defendant. Mr. Chamberlin provides in his Declaration the basis of his valuation opinion as to each Plaintiff and he has opined that Plaintiffs' damages based upon a fair market value analysis (and exclusive of disgorgement of profits and/or special, consequential, exemplary or punitive damages) is a total $120,000.00. It has long been held that fair market value is the

In addition, Plaintiffs are entitled to an order permanently enjoining Defendant from using their images in commercial advertising, as well as all costs and attorneys' fees incurred prosecuting this action.

To the extent the Court does not conclude that Mr. Chamberlin's declaration sufficiently establishes the fair market value of Defendant's use of Plaintiffs' images for commercial purposes, Plaintiffs respectfully request the Court conduct an inquest pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure such that Plaintiffs may be afforded the opportunity to put before the Court evidence of their damages.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion for default judgment on each count of the Complaint; award Plaintiffs damages in the amount of $120,000.00 or schedule an inquest on the issue of Plaintiffs' damages; issue an order permanently enjoining Defendant from using Plaintiffs' images and likeness in commercial advertising; and issue an order awarding Plaintiffs all costs and attorneys' fees incurred

- 6 -

prosecuting this action, and affording Plaintiffs a reasonable time following entry of the Court's

judgment to apprise the Court of those costs and fees.


Dated: New York, New York
       May 16, 2024

By: */s/ John V. Golaszewski*
John V. Golaszewski, Esq.
DC Bar ID: NY0484
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York 10019
Main: 855-267-4457
Direct: (646) 872-3178
Fax: 855-220-9626
john@talentrights.law

*Attorneys for Plaintiffs*

- 7 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of May 2024.

I further certify that after filing this document through the CM/ECF system I caused the parties or counsel of record to be served by mail (via USPS) and via process server as follows:

1010 V, LLC, d/b/a THE LIVING ROOM,
c/o DC Department of Licensing and Consumer Protection
1100 4th Street, SW,
Washington, DC 20024

and

1010 V LLC d/b/a THE LIVING ROOM
c/o Albert Riley (Registered Agent)
1008 Vermont Ave, N.W.
Washington, DC 20005

*/s/ John V. Golaszewski*
John V. Golaszewski