UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRA CHERI MORELAND, et al.   )
                               )
    Plaintiffs,                )
                               )
    v.                         )   Civil Case No. 22-3795 (RJL)
                               )
1010 V LLC d/b/a THE LIVING ROOM,  )
et al.                         )
                               )
    Defendants.                )

## MEMORANDUM OPINION

February 20, 2025 [Dkt. #10]

Plaintiffs in this action are two professional models, Andra Cheri Moreland and Iesha Marie Crespo (together, "plaintiffs"). They brought this action against defendant 1010 V LLC ("defendant" or "1010 V"), claiming that defendant misappropriated their images to promote its nightclub. Compl. [Dkt. #1]. This matter is now before the Court on plaintiffs' motion for default judgment. Pls.' Mot. for Default J. ("Pls.' Mot.") [Dkt. #10]. Because plaintiffs have not established proper service of process on defendant, I will **DENY** the motion for default judgment without prejudice.[1]

---

[1] Plaintiffs brought this case against 1010 V and multiple other, unnamed defendants (Does 1 through 5). *See generally* Compl. The Complaint asserts that the unnamed defendants are "individuals and/or entities that 1010 V LLC worked in conjunction with, at the direction of, or in concert with, . . . includ[ing] graphic designers, independent contractors, DJ, social media consultants, and/or others." Compl. ¶ 11. Plaintiffs have not identified these other defendants and only moved for default judgment against 1010 V. *See* Pls.' Mot. 1. Therefore, I will only address default judgment as to the claims against 1010 V.

1

I.  **BACKGROUND**

Plaintiffs filed their Complaint on December 22, 2022. Compl. The facts, as alleged in the Complaint, are as follows. Plaintiffs are professional models who earn their livelihoods modeling and licensing their images to companies and individuals for advertising purposes. *Id.* ¶ 12. Defendant operates a nightclub called The Living Room. *Id.* ¶¶ 10, 25. Defendant took plaintiffs' photos from their social media pages and, without plaintiffs' permission and without compensating plaintiffs, used those photos to promote The Living Room. *Id.* ¶¶ 14–18, 29–33. Plaintiffs claim that this is misappropriation of their images for defendant's commercial and financial benefit. *Id.* ¶¶ 26–33. The Complaint asserts numerous causes of action, including violations of the common law right of privacy, violations of the Lanham Act, negligence, defamation, conversion, unjust enrichment, and quantum meruit. *Id.* ¶¶ 50–122.

After plaintiffs filed the Complaint, the Clerk of Court electronically issued a summons addressed to defendant, care of defendant's registered agent. Summons [Dkt. #4]. On January 17, 2023, plaintiffs filed an affidavit of service signed by their process server. Aff. of Service [Dkt. #6].

Defendant did not answer or otherwise respond to the Complaint, but plaintiffs took no action either. Over a year later, on April 16, 2024, the Court issued a minute order instructing plaintiffs to show cause why they had not sought an entry of default or default judgment against defendant. Min. Order (Apr. 16, 2024). Shortly thereafter, on April 25, plaintiffs filed a motion for entry of default, *see* Mot. for Entry of Default [Dkt. #8]; the Clerk entered default on April 26, *see* Clerk's Entry of Default [Dkt. #9]. Plaintiffs then

moved this Court for default judgment pursuant to Federal Rule of Civil Procedure 55. *See* Pls.' Mot. Defendant has not responded to the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 empowers courts to enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *See Int'l Painters & Allied Trade Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Modern courts do not favor default judgments, as there are "strong policies favoring the resolution of genuine disputes on their merits." *See Jackson*, 636 F.2d at 835.

Prior to granting a motion for default judgment, "a court should satisfy itself that it has personal jurisdiction." *Mwani v. Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). This is particularly true in the case of an absentee defendant. *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) (explaining that when the defendant does not make an appearance in the case, "[t]heir absence impose[s] an independent obligation on the district court to satisfy itself of its personal jurisdiction before entering a default judgment against" the defendant).

Specifically, the Court should ensure that the procedural requirement of service has been satisfied, as "[d]efault cannot be entered where there was insufficient service of process." *See Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009)

3

("Although default may be entered upon a defendant's failure to plead or otherwise defend, a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint." (internal citations omitted)); *see also Mwani*, 417 F.3d at 8 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (quoting *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))). The party seeking default judgment bears the burden of proving personal jurisdiction and can do so with a *prima facie* showing. *See Mwani*, 417 F.3d at 7.

### III.  ANALYSIS

Here, plaintiffs have not shown proper service of process and I will therefore deny their motion for default judgment. Federal Rule of Civil Procedure 4(c)(1) puts on plaintiffs the responsibility of "having the summons and complaint served" on defendant "within the time allowed by Rule 4(m)," which is 90 days from the filing of the complaint. Fed. R. Civ. P. 4. Defendant here is a corporation and thus should be served pursuant to Rule 4(h). This provision provides for service:

 (A) in the matter prescribed by Rule 4(e)(1) for serving an individual; or

 (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

Plaintiffs initially attempted to serve defendant under Rule 4(h)(1)(B) by enlisting a process server to deliver copies of the materials to defendant's registered agent. This

method was ultimately unsuccessful. Between December 30, 2022 and January 5, 2023, the process server attempted three times to serve defendant's registered agent at the agent's listed address, but each time found "the door was boarded up, the building's interior was vacant, and [there was] a renewal of alcohol license on the front door." Aff. of Service 3. The process server stated in his affidavit that, "after due search, careful inquiry, and diligent attempt(s)," he was "unable to serve 1010 V LLC d/b/a The Living Room." *Id.*

Plaintiffs then attempted an alternative method of service. Federal Rule of Civil Procedure 4(h)(1)(A) allows service "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, provides for service in a manner "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). D.C. law allows plaintiffs, in some circumstances, to serve entities registered in D.C. by serving the Mayor or the Mayor's designee. *See* D.C. Code § 29-104.12(d). Specifically, the D.C. Code provides:

> If an entity fails to designate or maintain a registered agent in the District as required by law, or if an entity's registered agent in the District cannot with reasonable diligence be found, and if the person seeking service submits a declaration under penalty of making false statements showing that a registered agent for the entity cannot be found, the Mayor shall be an agent of the entity upon whom any process against the entity may be served and upon whom any notice or demand required or permitted by law to be served upon the entity may be served. Service on the Mayor of the process, notice, or demand shall be made by delivering or leaving with the Mayor, or his designee, duplicate copies of the process, notice, or demand. If any process, notice, or demand is so served, the Mayor shall immediately cause one of the

5

copies to be forwarded by registered or certified mail to the entity at its principal office or at its last known address.

D.C. Code § 29-104.12(d).

The D.C. Mayor has designated the Superintendent of Corporations at the District of Columbia Department of Licensing and Consumer Protection ("DLCP") to accept service on the Mayor's behalf. *See* 56 D.C. Reg. 6804 (2009)[2]; *see also* Dep't of Licensing and Consumer Prot., *Service of Process*, https://dlcp.dc.gov/node/1619186 (last visited Feb. 14, 2025) ("Superintendent of Corporations at the District of Columbia Department of Licensing and Consumer Protection is hereby designated to accept Service of Process on the Mayor's behalf pursuant to Mayor's Order 2009-65 dated April 24th, 2009.").

Plaintiffs sought to use this method to serve defendant. Their process server served the DLCP with the summons, civil cover sheet, and Complaint. Aff. of Service 1–2. While this is generally an acceptable method of service in D.C., plaintiffs have failed to show that they met all of the requirements set out in D.C. Code § 29-104.12(d). Since they bear the burden of proving proper service and personal jurisdiction, the Court will not enter default judgment. *See Mwani*, 417 F.3d at 7–8.

D.C. Code § 29-104.12(d) requires plaintiffs to establish multiple facts. First, plaintiffs must show that defendant's registered agent could not be found with reasonable diligence. This requirement was met, as plaintiffs' process server attempted service three

---

[2] The applicable D.C. regulation designates the Superintendent of Corporations at the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") to accept service on the Mayor's behalf. *See* 56 D.C. Reg. 6804. The DCRA has since been redesignated as the DLCP, which now serves as the Mayor's designee. *See* Department of Buildings Establishment Act of 2020, D.C. Law 23-269, 68 D.C. Reg. 1490 (Apr. 5, 2021) ("The Department of Consumer and Regulatory Affairs shall be redesignated as the Department of Licensing and Consumer Protection.").

times at defendant's registered agent's address and each time found it boarded up and vacant. Aff. of Service 3. The process server's affidavit states that "after due search" and "careful inquiry," he was "unable to serve" the registered agent. *Id.*

Second, plaintiffs must show that they served "the Mayor, or his designee, duplicate copies of the process, notice, or demand." *See* D.C. Code § 29-104.12(d). Plaintiffs also met this requirement. They served the DLCP—the Mayor's designee—with duplicate copies of the summons, civil cover sheet, and Complaint. *See* Aff. of Service 1.

Finally, the D.C. Code requires that the Mayor or the Mayor's designee "immediately cause one of the copies to be forwarded by registered or certified mail to the entity at its principal office or at its last known address." *See* D.C. Code § 29-104.12(d). This is where plaintiffs fail to meet their burden to show proper service of process. Plaintiffs nowhere address whether the DLCP did in fact send copies of the materials to defendant. *See generally* Pls.' Mot.; Aff. of Service. Additionally, despite having the opportunity to do so, plaintiffs did not request a certificate of service from the DLCP. *See* Dep't of Licensing and Consumer Prot., *Service of Process*, https://dlcp.dc.gov/node/1619186 (last visited Feb. 14, 2025) ("Once Superintendent of Corporations has been served, you may request certificate of service. Please reach out to Corporations Division to ensure that service has been completed before requesting certificate of service."). As such, the Court is left guessing whether the last step of mailing the documents to defendant was ever completed.

While the D.C. Code does indicate that the DLCP is responsible for mailing the materials, it is still plaintiffs' burden to *show* that the DLCP carried out that responsibility.

7

*See Radiant Glob. Logistics, Inc. v. Am. Indep. Distillery Coop.*, 2021 U.S. Dist. LEXIS 223452, at *14 (D.D.C. Nov. 19, 2021) (concluding "that the plaintiff has failed to meet its burden of proving that the defendant had been properly served" when the plaintiff "failed to provide any documentation confirming that the Superintendent of Corporations was ever served, or that the DCRA in turn sent a copy of the summons and Complaint by certified mail to the defendant"). Holding otherwise would reduce plaintiffs' burden to ensure proper service and put the onus of carrying out the most critical step—mailing the materials to defendant—on the Mayor's designee, who does not have the same incentives as plaintiffs to ensure successful service.

In sum, the Court has no information about whether the summons, civil cover sheet, and Complaint were in fact sent to defendant. I therefore cannot conclude service was properly effectuated and will not enter default judgment. Underpinning my decision here is the gravity of default judgment and the fact that "[p]roper service of process 'is not some mindless technicality.'" *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)). Default judgment can establish a defendant's liability in a case without the defendant ever entering an appearance or making an argument in his defense. This would be an unjust result here, where there are open questions regarding whether defendant even had a chance of knowing about the case.

### IV. CONCLUSION

Plaintiffs have not met their burden of establishing proper service of process. The Court therefore cannot be assured that it has personal jurisdiction, a prerequisite to entering

8

default judgment. Accordingly, the Court must **DENY** plaintiffs' motion for default judgment without prejudice. The Court, however, will permit plaintiffs to, within thirty days from the date of the issuance of this decision, either submit proof that defendant has been properly served or submit to the Court a statement showing good cause for the delay in serving defendant and providing an estimate of when proper service will be achieved. A separate Order consistent with this decision accompanies this Memorandum Opinion.

                                        RICHARD J. LEON
                                        United States District Judge